CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
June 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTOINE DERRELL McNAIR, JR., ) | |
|     Petitioner, ) | Civil Action No. 7:25cv00011 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CHADWICK DOTSON,[1] ) | By: Robert S. Ballou |
|     Respondent. ) | United States District Judge |

Petitioner Antoine Derrell McNair, Jr., a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2024 convictions and sentence in Danville Circuit Court. McNair has also filed three motions for leave to amend his petition and a motion to proceed *in forma pauperis*. Upon preliminary review of his petition, as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, it plainly appears from the petition and all the exhibits and filings submitted with it that McNair is not entitled to relief, nor would he be so entitled if his proposed amendments were granted. Therefore, I will grant his motion to proceed *in forma pauperis*, deny his motions to amend the petition, and summarily dismiss his petition.

I. BACKGROUND

Following a trial by jury, McNair was convicted of two counts of robbery and two counts of conspiracy to rob. In a subsequent bench trial, the court without a jury convicted him of being a violent felon in possession of a firearm. Following consideration of a presentence report, the court imposed a total sentence of 45 years, suspending 32 years conditioned on supervised

---

[1] Under Rule 2(a) of the Rules Governing Section 2254 Cases, if the petitioner is in custody pursuant to a state court judgment, the respondent in a habeas petition shall be the state officer who has custody. That officer is Chadwick Dotson, Director of the Virginia Department of Corrections. Chadwick Dotson shall be named as the respondent, and the Clerk shall update the docket accordingly.

probation for two years after his release. The total active sentence imposed was 13 years, and the judgment was entered February 29, 2024. McNair did not appeal his conviction, nor does it appear that he filed a state habeas petition. He timely filed this petition on January 7, 2025.

## II. Issue Raised

McNair contends that the convictions against him are void because the court lacked subject matter jurisdiction over him, because the judgment was not entered in his "Christian name," i.e., the name he was given at birth. The convictions are entered in the name captioned in this opinion, Antoine Derrell McNair, Jr. His Christian name is alleged to be "Antoine-Derrell: McNair Junior (Jr.)."

## III. Discussion

### A. Limitations on Federal Habeas

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application for habeas relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). However, "[a]n application for a writ of habeas corpus may be *denied* on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Where, as here, a petitioner does not raise even arguable federal claims, the courts and parties will be well served by the federal district court addressing the merits of the unexhausted claims. *Campos v. Johnson*, 958 F. Supp. 1180, 1188 (W.D. Tex. 1997).

To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek federal habeas relief. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842 (1999). Because McNair neither appealed his convictions up to the highest state court and he never filed a state petition for habeas corpus that was considered by the Supreme Court of Virginia, he clearly has failed to exhaust his remedies. However, notwithstanding that failure, I will deny his claim on the merits.

B. **Jurisdiction of the State Trial Court**

Unless otherwise provided by Virginia law, circuit courts have exclusive original jurisdiction of all indictments for felonies and for the trial of all presentments, indictments, and informations for offenses committed within their circuits. Va. Code §§ 17.1-513 and 19.2-239. Danville Circuit Court had subject matter jurisdiction over the alleged robberies, conspiracies, and firearm offense, felonies that occurred in Danville. Contrary to McNair's assertion, the Danville Circuit Court had both subject matter jurisdiction and territorial jurisdiction over the felonies. McNair has not raised any claim that the court lacked jurisdiction over his person, except to state that he did not consent to be a "vessel of the United States" that can be tried. *See Parker v. Commonwealth*, 592 S.E.2d 358, 366 (Va. Ct. App. 2004). Nor could he reasonably claim lack of personal jurisdiction. The United States Supreme Court has stated:

> [D]ue process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

*Frisbie v. Collins*, 342 U.S. 519, 522 (1952); *see also United States v. Alvarez-Machain*, 504 U.S. 655, 661–62 (1992). The Court of Appeals of Virginia quoted the above passage in holding that the trial court's personal jurisdiction was not impaired by defendant's involuntary presence in the court. *Valentine v. Commonwealth*, 443 S.E.2d 445, 447–48 (Va. Ct. App. 1994).

McNair bases his argument on admiralty law, commercial law, and civil statutes and cases taken out of context. His claims resemble those made by participants in the "sovereign citizen" movement, which have been rejected repeatedly by this court and others. *See*, *e.g.*, *Rosser v. Carson*, No. 7:19CV00156, 2019 WL 1474009, at *2 (W.D. Va. April 3, 2019); *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); *Rejuney v. Chesapeake Circuit Court*, No. 3:16CV194-HEH, 2016 WL 5402217, at *4 (E.D. Va. Sept. 26, 2016). In his subsequent motions to amend his petition, McNair seeks to add federal Antitrust Act arguments to his jurisdictional challenge. Antitrust law is no more relevant to the jurisdiction of state criminal courts than is admiralty law.

The crux of McNair's argument is that his given name was not properly punctuated on the indictment and judgment orders. Punctuation is the only difference between the name on his indictments, Antoine Derrell McNair, Jr., and his alleged Christian name, Antoine-Derrell: McNair Junior (Jr.). He claims that the difference between the names "is fatal to the court's judgment," based on Virginia Code § 17.1-248 and two Virginia cases. The statute directs the clerk of every circuit court to index each record book he is required to keep (deeds, wills, subdivision plats, etc.) Va. Code § 17.1-248. The statute specifically notes that every execution and every judgment for money should be indexed in the name of the person against whom the judgment was rendered and in the name of the person in whose favor the judgment was rendered. *Id.* The statute has no relevance to the court's jurisdiction over criminal cases.

In *Richardson v. Gardner*, 105 S.E. 225, 228 (Va. 1920), the court addressed whether a good faith purchaser of land had proper record notice of a lien against the property, when the judgments had not been docketed and indexed in the full names of each defendant. Although the

4

judgment was good between the plaintiff and defendants, omission of the first names (Christian names) of the defendants was fatal to the lien's ability to give notice to a subsequent purchaser. *Id.* The other case cited by McNair in support of the proposition that omission of the Christian name was fatal to the judgment of conviction against him was an unlawful detainer action in which the defendant posted bond for appeal; during vacation (instead of regular term of the court), plaintiff moved to increase the bond. *Chase v. Miller*, 14 S.E. 545, 547 (Va. 1892). The sole issue was whether the judge had jurisdiction in vacation to order a new bond and dismiss the appeal if it was not posted. *Id.* There is no mention of a Christian name. These cases involve state statutes governing civil claims for money, not federal constitutional claims. Even if they had some remote bearing on McNair's criminal proceedings, federal habeas courts do not adjudicate claimed violations of state law, only violations of federal constitutional law. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Finally, to the extent that his name or social security number was recited incorrectly in the arrest warrant, indictment, or final judgment order, such clerical errors and/or misnomers do not affect the validity of the proceedings. A simple amendment can correct such matters. *See United States v. Stewart*, 7 F.3d 228, *1 (4th Cir. 1993) (unpublished). There is no merit to McNair's jurisdictional challenge to his convictions and sentence.

### IV. Conclusion

Because McNair's challenge to the court's jurisdiction is without merit, he has not asserted any claim that his custody violates the United States Constitution or federal law. None of his proposed amendments to the petition have merit, and allowing amendment would be futile. I will deny his three motions to amend and summarily dismiss his petition.

A separate Final Order will be entered this day.

                        Enter: June 9, 2025

                        /s/ Robert S. Ballou

                        Robert S. Ballou
                        United States District Judge